## ESTATE OF JOHN GALVIN.

### No. 5822--Feb. 8, 1875.

LOAN, FACTS SHOWING, AS DISTINGUISHED FROM A DEPOSIT. VERBAL CONTRACT TO
REPAY ON DEMAND. STATUTE OF LIMITATIONS RUNS FROM DATE OF LOAN.

S. loaned decedent, in 1863, $1,000; decedent, to keep the sum, paying S. legal interest, until demand. Decedent died in 1873. About two months before the death, S. demanded payment. A claim was allowed by widow, as administratrix, and Probate Judge. On hearing account of administratrix, the claim was contested by a creditor, as barred. S. claimed that decedent held as trustee. Claim rejected.

Construing sections, C. C., 1818, 1912; C. C. P., 312, 339; affirmed, 51 Cal., 215.

*Lloyd & Newlands,* for claimant.

*Tully R. Wise,* for creditor.

John Galvin died in December, 1873, and letters were issued to his wife. Oct. 10, 1874, James Simpson, Jr., presented to her a claim for money loaned to deceased in October, 1863. The affidavit to the claim is as follows:

"James Simpson, Jr., of lawful age, being duly sworn, deposes and says on oath: That he is a creditor of said deceased; that on or about the month of October, 1863, he loaned to and deposited with said deceased the sum of one thousand dollars in United States gold coin, which he, said deceased, was to hold and keep for affiant until such subsequent time as he, affiant, should demand the return of the same from said deceased, and agreed to pay affiant reasonable interest thereon for the use of the said money; that affiant did not demand the return of said money from said deceased until within about two months previous to the death of said deceased; that said John Galvin died on the 12th day of December, 1873; that no rate of interest on said loan was agreed upon between affiant and said deceased; that said deceased has not paid said money or any part thereof; that said deceased at the time of the demand aforesaid promised to pay to this affiant said loan, with legal interest thereon at the rate of ten per cent. per annum from October, 1863, until paid; that neither said interest nor any part thereof has been paid, and said principal sum and interest are wholly unpaid."

The claim was allowed by the administratrix and approved by the Judge.   When the administratrix presented her account and report, a creditor objected to the claim of Simpson.   On the hearing, it was argued on behalf of Simpson, that this was not strictly a loan, but was money held in trust by Galvin, and therefore not within the statute of limitations.

By the COURT:   From an inspection of the claim and affidavit annexed thereto I am now clearly of the opinion that the money therein referred to was not deposited with Galvin in trust for Simpson, but was a loan upon interest, and that the same was barred by the statute of limitations before the death of Galvin, and that the claim was improperly allowed and approved.   The exceptions are sustained.